Edward M. O’Gorman, J.
The defendant, as principal, and Aetna Insurance Company, as surety, executed a bond to guarantee the- performance of a contract for the construction of a public improvement for the New York State Dormitory Authority. The bond was conditioned upon defendant’s payment of all claims for labor and materials furnished. Upon defendant’s failure to pay for certain labor and materials furnished on the project, the surety, pursuant to the terms of its bond, made pay *2 ments to all of these subcontractors of the defendant except the plaintiff, whose claim it disputed. These payments amounted in total to the sum of $363,233.75.
On March 7, 1969, the defendant executed an assignment to the surety of any balance that was due and owing the defendant from the Dormitory Authority. This assignment was filed with the Authority on March 17, 1969.
On November 18,1970, plaintiff filed a mechanic’s lien against the project in the amount of $52,682.27. This lien was discharged by the surety by the filing of the requisite bond. In addition to filing a mechanic’s lien, the plaintiff obtained a judgment by confession in the sum of $53,434.39 against the defendant prime contractor.
The said Dormitory Authority now retains a contract balance of $226,809.65 to be paid upon the final satisfactory completion of the prime contract. The plaintiff, by this motion, seeks an order of this court directing the said Dormitory Authority to pay to the plaintiff the sum of $53,434.39 in satisfaction of its judgment against the defendant. The surety has intervened and opposes the application.
The application must be denied.
Upon payment, pursuant to its payment bond, of claims of unpaid subcontractors and suppliers which aggregate $365,-233.75, ,the surety became subrogated to the right of the Dormitory Authority as against the prime contractor to withhold moneys due the contractor and to apply it in payment of the unsatisfied claims for labor and materials. Accordingly, wholly apart from any assignment by the defendant, there was no sum due the defendant which could be reached in satisfaction of plaintiff’s judgment. (United States Fid. & Guar. Co. v. Triborough Bridge Auth., 297 N. Y. 31.) See, also, Aetna Cas. & Sur. Co. v. United States (4N Y 2d 639, 644), in which the court stated, “a surety who performs under its bond upon the contractor’s default has an equitable lien upon the funds held by the owner, and that this lien arises upon execution of the bond although it does not become enforcible until the surety suffers a loss by making payments pursuant to its obligation ’ ’. The court (p. 644) further quoted the following from United States Fid. & Guar. Co. v. Triborough Bridge Auth. (supra) “ So long as such claims were outstanding and unpaid and so long as defendant Authority had the right to withhold and apply, the contractor had no rights to the fund, and, consequently, 'had no property interest therein upon which intervener could place a lien.”
*3 The 'application of this rule makes it unnecessary to determine whether or not the assignment, made by the defendant to the surety, of the funds due on defendant’s contract would also require the same result. It will also no longer be necessary to consider plaintiff’s failure to pursue the relief sought herein by the institution of a special proceeding against the Dormitory Authority itself, as required by CPLR 5225 (subd. [b]).
It should be noted, however, that plaintiff is not without a remedy, in that it may recover any sums which it can establish as being due and owing as a result of work performed on this particular project, either on the surety’s payment bond or on the bond filed by the surety to discharge plaintiff’s mechanic’s lien.